**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

THOMAS BOPP,                                      )
               Petitioner,                )       Civil Action No. 2:21-cv-767
                                    )
              v.                              )
                                    )       Magistrate Judge Patricia L. Dodge
MICHAEL CLARK, *et al.*,                          )
                                    )
              Respondents.           )

**<u>MEMORANDUM</u>**

Pending before the Court[1] is the Petition for a Writ of Habeas Corpus (ECF 1) filed by state prisoner Thomas Bopp ("Petitioner") challenging the decision by the Pennsylvania Board of Probation and Parole ("Board") to deny him parole. For the reasons set forth below, the Court will deny the Petition and deny a certificate of appealability.

**I.    Background**

In 2003, Petitioner appeared before the Court of Common Pleas of Westmoreland County (the "trial court") and entered pleas of guilty to one count each of Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, and Indecent Assault. The trial court sentenced him to an aggregate period of incarceration of not less than 12 ½ years to no more than 25 years of incarceration,[2] to be followed by a period of probation. It also classified Petitioner as a Sexually

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

[2] Pennsylvania's statutory sentencing scheme is indeterminate, meaning that a court will impose a sentence with two numbers, which represent the minimum and maximum period of incarceration. The minimum term is the earliest date that the defendant will be eligible for discretionary parole release and the maximum term is the date upon which the defendant may be released from confinement or parole supervision.

Violent Predator. According to Respondents, Petitioner's minimum sentence date expired on

January 2, 2017 and his maximum sentence will expire on July 2, 2024. (ECF 8 at p. 8.)

The Board denied Petitioner's applications for parole in 2016, 2017 and 2018. (Resp's Ex.

A, ECF 8-1 at pp. 30-35.) It is the Board's September 2018 decision that Petitioner challenges in

this federal habeas case. (Pet.'s Ex., ECF 1-1 at pp. 2-3.) In that decision, which is dated September

7, 2018, the Board explained:

> The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> The negative recommendation made by the Department of Corrections.
>
> Reports, evaluations, and assessments/level of risk indicates your risk to the community.
>
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
>
> Your refusal to accept responsibility for the offense(s) committed.
>
> Your lack of remorse for the offense(s) committed.
>
> Your failure to develop a parole release plan.
>
>  - - -
>
> Lack of insight into your deviancy, and lack of benefit from programing.

(*Id.*)[3]

In his Petition for a Writ of Habeas Corpus, Petitioner claims that the Board's decision to

deny him parole violated unspecified "civil rights." (ECF 1 at p. 6.) Petitioner, who admits that he

has "mental health issues," contends that the Board should have granted him parole because "there

is mental health housing in society" where he could reside if the Board and the Pennsylvania

---

[3] The Board advised Petitioner that he could file another application for parole after September 7, 2019. (Pet's Ex., ECF 1-1 at p. 3.) Petitioner does not assert that he applied for parole after that date, and there is nothing in the record indicating that he did so.

Department of Corrections ("DOC") would assist him in arranging for such housing. (*Id.*) Petitioner also contends that the Board should have granted him parole because he had no misconducts within a year of its September 7, 2018 decision, he had expressed his remorse for his crimes and had "completed the issued sex offender class." (*Id.*)

In their Answer (ECF 8, 9), Respondents contend that the Court should deny the Petition because, among other things, any cognizable federal habeas claim asserted in it is time-barred under the applicable one-year statute of limitations, which is set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and codified at 28 U.S.C. § 2244(d)(1). Petitioner did not file a Reply. LCvR 2241(D)(2) ("Although not required, the petitioner may file a Reply (also known as 'a Traverse') within 30 days of the date the respondent files its Response.").

## II.   Discussion

The Court has jurisdiction under 28 U.S.C. § 2254, which is the federal habeas statute applicable to prisoners in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a). Errors of state law are not cognizable. *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It is Petitioner's burden to prove that he is entitled to the writ. *Id.*; *see, e.g., Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

Petitioner does not assert a claim that is cognizable under § 2254(a) in the Petition. He has no right to parole under state law, *see, e.g., Hudson v. Pennsylvania Bd. of Prob. and Parole*, 204 A.3d 392, 395 (Pa. 2019), and whether to grant him parole is a decision left to the sole discretion of the Board. 61 Pa. Cons. Stat. Ann. §§ 6135, 6137; *see, e.g., Homa v. Pennsylvania Bd. of Prob. and Parole*, 192 A.3d 329, 334 (Pa. Commw. Ct. 2018). Therefore, so long as denial of parole is

not for reasons that are forbidden by the Constitution, the grant or denial of parole is a discretionary matter that cannot be disturbed by a federal court in a habeas proceeding. Here, Petitioner does not explain how the Board's decision to deny him parole amounted to a violation of any right under the Constitution.

In any event, to the extent that Petitioner has asserted a cognizable claim in the Petition it is time-barred. In 1996, Congress enacted AEDPA and substantially revised the law governing federal habeas corpus. Among other things, AEDPA set a one-year limitations period for filing a federal habeas petition. 28 U.S.C. § 2244(d)(1). Thus, Petitioner had one year from the date the Board issued the decision he is challenging (that is, until on or around September 7, 2019) to file a federal habeas petition. Petitioner did not file his Petition until, at the earliest, June 2, 2021, which is the date he avers he placed it in the prison mail system. (ECF 1 at p. 18.) Therefore, to the extent the Petition contains a cognizable claim for federal habeas relief it is untimely by approximately 634 days.

The Supreme Court has held that AEDPA's statute-of-limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (emphasis added). A petitioner is entitled to equitable tolling only if he shows both that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Id.* at 649. *see*, *e.g.*, *Wallace v. Mahanoy*, 2 F.4th 133, 143-44 (3d Cir. 2021); *Ross v. Varano*, 712 F.3d 784, 798-804 (3d Cir. 2013); *United States v. Thomas*, 713 F.3d 165, 174-75 (3d Cir. 2013); *Munchinski v. Wilson*, 694 F.3d 308, 329-32 (3d Cir. 2012). "This conjunctive standard requires showing *both* elements before we will permit tolling." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (emphasis in original)). There is nothing in the record to suggest that this case is the rare one in which equitable tolling would apply.

Based upon the foregoing, the Court will deny the Petition because it does not state a cognizable claim for habeas relief under § 2254(a). In the alternative, to the extent the Petition does state a cognizable claim, that claim is time-barred. Because jurists of reason would not find the Court's conclusion debatable or wrong, it will deny a certificate of appealability.[4]

An appropriate Order follows.

Date: May 31, 2022               /s/ Patricia L. Dodge
                                       PATRICIA L. DODGE
                                       United States Magistrate Judge

---

[4] A state prisoner may not appeal a district court's order denying habeas relief "unless a circuit justice or judge issues a certificate of appealability[.]" 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Applying those standards here, jurists of reason would not find it debatable whether each of Petitioner's claims should be denied for the reasons given herein.